UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA – TALLAHASSEE DIVISION

CASE NO. 17-40433-KKS
CHAPTER 7

IN RE:

EDITH SPOONER DUNLAP,

      Debtors
_____/

FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
OBJECTION TO TRUSTEE'S REPORT AND NOTICE OF
INTENTION TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE (DE-25)
(*1245 Groveland Hills Dr, Tallahassee, Florida 32317*)

**COMES NOW,** Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America., its Successors and/or Assigns ("Secured Creditor"), by and through its undersigned counsel, files this *Objection to Trustee's Report and Notice of Intention to Sell Property of the Estate by Private Sale* [Docket No. 25], and in support thereof states:

1.    Secured Creditor holds a perfected first lien on the real property located at **1245 Groveland Hills Dr, Tallahassee, Florida 32317** (the "Property"), by virtue of a Mortgage dated March 17, 2006, which was recorded in the Public Records of Leon County, Florida, on March 27, 2006, in Official Records Book 3477 Page 1645. Said Mortgage secures a Note in the amount of $268,800.00.

2.    On January 25, 2018, the Trustee filed her *Report and Notice of Intention to Sell Property of the Estate by Private Sale* (Docket No. 25) (the "Notice"), which seeks to sell all rights, title, and interest the Trustee and bankruptcy estate have in the property to a private purchaser for a sale price of $2,500.00.

3. The sale contemplated by the Trustee will be of little benefit to the estate or creditors and will only add confusion to the lien holders' rights to attempt to collect their collateral.

4. Based upon the Debtor's uncontested estimated value of the property, there is no equity in the fully encumbered Property and the sale will result in only a *de minimis* distribution to the creditors. As such, the Property should be abandoned.

5. The proposed sale to the third-party purchaser is not in the best interest of the estate and breaches the Trustee's fiduciary duty due to secured creditors. The purpose of the sale is not legitimate in that the purchase by the third-party is obviously for the purposes of (a) renting the property and keeping the rents; (b) defending the foreclosure action vigorously in order to extend it to its maximum duration; (c) garnering additional profits as the middleman in a short sale of the property; (d) precluding the Debtor from engaging in a meaningful loss mitigation effort that would be of mutual benefit to both the secured first mortgage holder and Debtor; and (e) further burdening the first mortgage creditor with all the cost of protecting and maintaining the Property, further devaluing the Property, and possibly subjecting said creditor to such Federal acts, including the Protecting Tenants at Foreclosure Act, 12 USC §5220.

6. The Trustee's intention to sell the fully encumbered Property as that of the estate for a nominal amount of $2,500.00 serves no economic benefit or purpose for the estate. After accounting for the administrative expenses and litigation costs to be borne by the estate resulting from the sale of the property, the Trustee's commission, and the tax liability which must be treated as an administrative expense, the actual benefit to the creditors is so insignificant as to be effectively nonexistent. Accordingly, the Trustee must consider whether sufficient funds will be

generated to make a meaningful distribution to unsecured creditors before administering a case as an asset case. 28 USC §586.

7. The third-party purchaser is not a purchaser in good faith and should not be permitted to utilize the bankruptcy code for inappropriate intentions and illegitimate purposes, to-wit: taking the property for temporary rental income or to negotiate a fee out of short sale proceeds that would otherwise go to the first mortgage creditor.

8. In an effort to attempt to resolve Secured Creditor's Objection to the Trustee's Notice, Secured Creditor makes the following offer to the Trustee: Secured Creditor may considering filing a consent to the Trustee's Notice if the Order Granting Trustee's Notice explicitly provides that the private purchase's rights in the property are subjected to all existing liens, claims, encumbrances and interests.

9. Additionally, the order must provide that Secured Creditor's *in rem* relief from the automatic stay previously granted by the Court on February 6, 2018 (Docket No. 27) will not be altered or otherwise jeopardized by the sale of the estate's interest in the Property to the third party.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court enter an order denying the Report and Notice of Intention to Sell Property of the Estate by Private Sale and granting such further relief as this Court may deem just and proper.

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☒ Taji Foreman, Esq., Fla. Bar No.: 58606

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the addressees on the attached mailing list by First Class U. S. Mail postage pre-paid and/or by Electronic Filing this 9th day of February, 2018.

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☐ Taji Foreman, Esq., Fla. Bar No.: 58606

## MAILING LIST

Edith Spooner Dunlap
2350 Phillips Road, #8-104
Tallahassee, FL 32308

Kathryn A. Hathaway, Esq.
Hathaway Law Firm
Attorney for Debtor(s)
P.O. Box 3005
Tallahassee, FL 32315-3005

Theresa M. Bender, Trustee
P.O. Box 14557
Tallahassee, Florida 32317

United States Trustee
Northern District of Florida
110 East Park Ave, Suite 128
Tallahassee, Florida 32301